

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

HOUSTON DOUGLAS

                    Plaintiff,                    1:14-CV-00482-RJA-MJR

                                                  REPORT and RECOMMENDATION

        v.

SERGEANT PATCHEN, *et al.,*

                    Defendants.

---

        This case has been referred to the undersigned by the Hon. Richard J. Arcara pursuant to 28 U.S.C. §636(b)(1) for all pre-trial matters and to hear and report upon dispositive motions. (Dkt. No. 31).

## BACKGROUND

        Plaintiff Houston Douglas commenced the instant action for relief under 42 U.S.C. § 1983, *pro se*, on June 20, 2014, alleging that defendants failed to protect him in violation of his constitutional rights under the Eighth Amendment. (Dkt. No. 1). At the time of filing, Plaintiff was incarcerated by the New York State Department of Corrections and Community Supervision ("DOCCS") and was housed at Five Points Correctional Facility. (*Id.*). Defendants filed an Answer on August 10, 2015. (Dkt. No. 10).

        Plaintiff is proceeding *in forma pauperis* and an order was entered on April 24, 2018 granting his request for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). (Dkt. No. 86). Elizabeth A. Holmes, Esq. of Barclay Damon, LLP, *pro bono*, was assigned

to represent defendant in this matter and a companion case pending before the Court, *Douglas v. NP Salotti, et al.,* 15-CV-636-RJA-MJR ("*Salotti* case"). (*Id.*).

On September 13, 2019, Defendants filed a motion for summary judgment which is pending before this Court. (Dkt. No. 106). On or about October 3, 2019, Plaintiff was removed and deported from the United States to Jamaica, West Indies.[1] (Dkt. No. 115, ¶ 13). On November 13, 2019, Plaintiff filed his own response to defendants' motion for summary judgment without consulting his counsel. (Dkt. No. 114; Dkt. No. 115, ¶ 16). On December 4, 2019, Plaintiff's attorneys filed a motion to withdraw as attorneys of record. (Dkt. No. 115). The Court granted that motion to withdraw on December 6, 2019 (Dkt. No. 116).

On January 14, 2020, this Court issued an order to show cause why this case should not be dismissed for inability to prosecute based on Plaintiff's deportation from the United States. (Dkt. No. 117). The order directed that Plaintiff must retain new counsel to represent him in this action or obtain the written consent of the United States Attorney General allowing him to reapply for admission to the United States pursuant to 8 U.S.C. § 1326(a)(2) within 60 days of the date of the order. (*Id.*)

On February 24, 2020, the Court received a response from plaintiff opposing the order to show cause and raising objections[2] to the denial of plaintiff's prior motion for

---

[1] The Court takes judicial notice of the fact of Plaintiff's removal from the United States based on the uncontested representations of Plaintiff's former counsel.
[2] To the extent Plaintiff's response herein challenges the prior summary judgment decision, the Court construes it liberally and acknowledges that it could be viewed as a motion for reconsideration under Fed. R. Civ. P. 59(e) or 60(b). Such a motion is untimely, having been made more than one year after the entry of the judgment. Thus, this Court finds review to be improper on that basis alone. *See Nelson v. McGrain,* 2018 U.S. Dist. LEXIS 91026 (W.D.N.Y. May 31, 2018).

summary judgment by decision of Judge Arcara on December 2, 2016 under Docket No. 71. (Dkt. Nos. 119, 120[3]). Defendants filed a declaration in reply to Plaintiff's response to the order to show cause requesting that the Court entertain the defendants' pending motion for summary judgment and address the case on its merits. (Dkt. No. 121).

## DISCUSSION

Rule 41(b) allows the Court to dismiss a case for failure to prosecute or failure to comply with a Court order. Dismissal under Rule 41(b) "is appropriate only in extreme situations," and the Court "should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996). The Court considers the following factors in weighing dismissal under Rule 41(b): (1) how long the plaintiff has failed to act; (2) whether the plaintiff was on notice that his case could be dismissed if he did not act; (3) whether the defendants are likely to be prejudiced by further delay; (4) how the plaintiff's interest in having his case decided on the merits balances against the Court's interest in managing its docket; and (5) the availability of less drastic sanctions. *Id.*

Considering the above factors, the Court concludes that plaintiff has demonstrated an inability to prosecute this case. The Court observed in its order of January 14, 2020 that if either this case or its companion action is to proceed, Plaintiff would be required to physically appear for a potential trial, both to present his claims and to provide testimony in support of his claims. *See Fox v. Tryon*, 2016 U.S. Dist. LEXIS 118276, 2016 WL 4558325, at *2 (W.D.N.Y. Sept. 1, 2016) (Geraci, J.). Failure to appear would result in dismissal. Since Plaintiff has been subject to deportation, he would be committing a felony

---

[3] Defendant's undated response was docketed in duplicate on February 24 and 25, 2020.

3

to re-enter the United States. It appeared unlikely that Plaintiff would be able to appear before this Court to present his claims. However, the Court was mindful that re-entry of a previously deported alien can be permitted, if "the Attorney General has expressly consented to such alien's reapplying for admission." *See* 8 U.S.C. § 1326(a)(2); *Fox*. Thus, the Court has provided Plaintiff the opportunity to obtain lawful re-admission to the United States before dismissing his case.

Plaintiff was directed by order of this Court to retain new counsel or obtain the written consent of the United States Attorney General allowing Plaintiff's reapplication for admission to the country. Plaintiff was warned that if a copy of such written consent was not filed within 60 days of the order, i.e. by March 14, 2020, this action would be dismissed for inability to prosecute. In filing his response Plaintiff acknowledged receipt of the order. More than 90 days have since elapsed and Plaintiff has not provided proof of consent to reapply for entry into United States, nor has he retained new counsel to assist in prosecution of this action. It is in the interest of the defendants to have this matter decided without further delay. The Court sees no sanction short of dismissal that would be effective. Thus, the Court concludes that Plaintiff cannot appear at any potential trial of this matter and this case should be dismissed for failure to prosecute. *See Fox v. Tryon*, 2016 WL 7474790, 2016 U.S. Dist. LEXIS 179477 (W.D.N.Y. Dec. 28, 2016) (Geraci, J.); *Kuar v. Mawn*, 2012 WL 3808620, at *6, 2012 U.S. Dist. LEXIS 125270, at *16 (E.D.N.Y. Sept. 4, 2012) ("The Court concludes that, where there is no reasonable possibility that a *pro se* plaintiff can appear at trial because of deportation, the court may dismiss the case for failure to prosecute after providing plaintiff with a reasonable time to rectify the order of deportation.").

## CONCLUSION

For the foregoing reasons, it is recommended that this case be dismissed with prejudice under Rule 41(b) for failure to prosecute.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ORDERED that this Report and Recommendation be filed with the Clerk of Court.

Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and Local Rule of Civil Procedure 72. Any requests for an extension of this deadline must be made to Judge Arcara.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.*** *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law, and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. *See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 990-91 (1st Cir. 1988).

Pursuant to Local Rule of Civil Procedure 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." ***Failure to comply with these provisions may result in the District Court's refusal to consider the objection.***

**SO ORDERED.**

Dated:     April __17__ , 2020
              Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge